UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                     DECISION AND ORDER

                                                                     00-CR-6149L

                  v.

WILLIE J. GAMBLE,

                                Defendant.
_____

      Willie J. Gamble ("Gamble") was convicted after trial of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possession of ammunition by a person previously convicted of a felony. After extensive sentencing proceedings, the Court determined that Gamble was an armed career criminal as defined by 18 U.S.C. § 924(e) because he had three prior convictions for violent felonies. By virtue of that determination, Gamble faced a minimum term of 180 months and a maximum term of 240 months, although the resulting Sentencing Guidelines were significantly higher (262-327 months). After extensive proceedings, the Court departed from the Guidelines and sentenced Gamble principally to a term of 216 months imprisonment.

      The Court of Appeals for the Second Circuit affirmed Gamble's conviction (388 F.3d 74 [2004]) but withheld its Mandate pending the Supreme Court's then-pending decision in *United States v. Booker*. After the United States Supreme Court issued its decision in *Booker*, in January 2005 (125 S. Ct. 738), the Second Circuit remanded Gamble's case for further proceedings in

conformity with *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).  After receipt of the Second Circuit's remand order, I directed the parties to submit their respective positions as to whether and how *Booker* and *Crosby* should affect the previously imposed sentence.  Both sides have submitted memoranda in the case.

DISCUSSION

Under *Crosby,* the district court should consider whether its sentence was adversely affected by applying the Sentencing Guidelines in a mandatory fashion at the initial sentence.  It was the mandatory adherence to the Guidelines that the Supreme Court in *Booker* determined to violate the Constitution.  If the sentencing court now believes that it would have imposed a different sentence, either lower or higher, had it proceeded under a regime where the Guidelines were advisory, then the court should vacate the prior judgment and proceed to sentence the defendant anew.  In this case, I see no basis to vacate the prior sentence and, therefore, I decline to do so.
Gamble's sentence was driven more by the determination that he was an armed-career criminal as defined by 18 U.S.C. § 924(e) than by the Guidelines.  Because I determined that Gamble had at least three prior violent felonies, including burglary in the third degree, assault and intimidating a witness, his statutory minimum sentence was 180 months.  Gamble's sentence then was primarily affected by the determination that he was an armed-career criminal.

Furthermore, the Court did not slavishly adhere to the Guidelines.  In fact, the Court departed in several respects and used a Guideline range considerably less than that recommended in the

presentence report by the Probation Department. At sentencing, the Court discussed at length the reasons for its decision to depart and to impose the 216 month sentence and, after considering all the factors, including the Guidelines and the other factors set forth in 18 U.S.C. § 3553(a), the Court would have imposed the same sentence regardless of whether the Guidelines were to be applied in a mandatory or an advisory fashion.

The 216 month sentence was not insubstantial but based on Gamble's extensive prior record, his numerous violent felonies, and his remarkable history of recidivism, his sentence seems to me just as reasonable today post-*Booker* and *Crosby* as it did when the sentence was imposed back in June 2003. For the reasons I stated on the day of sentencing, I imposed a slightly reduced sentence than I could have for the reasons set forth at that time. I incorporate all those reasons here.

CONCLUSION

I have reviewed the sentence imposed in this case under the principles enunciated in *Crosby*. I decline to order resentencing. The fact that the Sentencing Guidelines are now deemed to be advisory and not mandatory would not now affect the originally imposed sentence in any respect.[1]

---

[1] In his submissions, Gamble suggests that resentencing is also appropriate in view of the recent United States Supreme decision in *Shepard v. United States,* 125 S. Ct. 1254 (2005) and because the Court, not a jury, determined that Gamble had been convicted of three prior violent felonies. I disagree. The fact that a defendant has a prior conviction does not implicate a defendant's Sixth Amendment rights. *Booker*, 125 S. Ct. at 748-49; *United States v. Fagans,* 406 F.3d 138, 141 (2d Cir. 2005). Decisions concerning such matters may be made by the sentencing court and need not be charged in the indictment or proven to a jury.

In this case, Gamble never contested the fact he had been convicted of several prior violent felonies. Essentially, at sentencing, he requested that the Court ignore some of them and sentence without considering them because of their age and the harshness of the sentence.

*Shepard* is not controlling either in this case. First of all, it is not clear that in a remand under *Crosby* that the Court should consider authority from the Supreme Court decided subsequent to the affirmance of Gamble's

(continued...)

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         January 6, 2006.

---

¹(...continued)
conviction. But, even if the Court were to consider it, *Shepard* does not change the result. The presentece report in Gamble's case indicates that he was convicted in a New York Court, after trial, of burglary in the third degree. As the Government points out in its submission here, burglary in the third degree is a "generic burglary." New York Penal Law § 140.20 prescribes the entering or remaining unlawfully in a building with the intent to commit a crime. It is clear then that the problem discussed in *Shepard* is not present here. New York's burglary in the third degree statute is a generic burglary statute and, therefore, the Court may consider it in determining whether the prior convictions involve a "violent felony." *See United States v. Andrello,* 9F.3d 147, 149 (2d Cir. 1993).