UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                 00-CR-6149L
                                                                                 07-CV-6536L

              v.

WILLIE J. GAMBLE,

                              Defendant.
_____

        Defendant, Willie J. Gamble ("Gamble"), was convicted after a bench trial of possession with intent to distribute cocaine base and possession of ammunition by a convicted felon. Eventually, Gamble was sentenced and the conviction was affirmed on appeal to the Second Circuit.[1]

        Gamble now claims in the instant petition that he received ineffective-assistance from trial counsel, Robert G. Smith, an Assistant Federal Public Defender. There is no basis for such a claim and, therefore, the petition must be dismissed.

        The Government submitted a lengthy Response to Gamble's present § 2255 petition (Dkt. # 116), and I presume familiarity with that filing. Attached to that Response were several exhibits, including relevant transcripts of prior proceedings.

---

[1] In its decision, the Second Circuit remanded to the district court, pursuant to *United States v. Crosby,* 397 F.3d 103 (2005), for this Court to determine whether its sentence would have been different had it been decided subsequent to the United States Supreme Court decision in *United States v. Booker,* 543 U.S. 220 (2005). On January 6, 2006, this Court entered an order declining to order a re-sentencing and that decision was affirmed on appeal.

First of all, it is important to remember that this is the second ineffective-assistance claim filed by Gamble. The first occurred after trial but before sentencing. This Court elected to deal with the ineffective assistance claim prior to sentencing and appointed new counsel for Gamble. An evidentiary hearing was held on that petition which related to trial errors allegedly committed by trial counsel. After the hearing, this Court found that there had been no Sixth Amendment violation and denied the motion in all respects.

The alleged ineffective assistance claim now advanced is raised for the first time here. In that first proceeding, no mention was made of this claim. At proceedings on the first petition, the Court specifically inquired of newly-appointed counsel as to the nature of the ineffective-assistance claim and whether there were any other deficiencies. In the presence of Gamble, new counsel indicated that the only alleged ineffective assistance matters concerned trial counsel's errors at the trial. (Transcript of Hearing, April 30, 2003, p. 8 [Ex. 2 to Government's Response]). No reason is advanced by Gamble as to why the matters raised here could not have been raised in the first petition.

The present claim of ineffective assistance relates to the alleged failure to communicate a plea offer to Gamble or to "encourage" him to plead guilty in light of the overwhelming evidence against him. The claims are without merit. Gamble has failed to meet the test set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).

Gamble's claims have no support whatsoever in the record. Gamble has not established that there was any plea offer made by the Government for his counsel to forward to Gamble. The Government, in its Response, flatly states that there was no plea bargain offered. Gamble had a lengthy criminal record and there is no evidence that the Government tended to offer a reduced plea. Even now, Gamble fails to state what that plea offer was.

- 3 -

Gamble also now suggests that the evidence was overwhelming and that his attorney had some type of duty to get him to plead guilty. There was no secret about the evidence in this case. It was developed fully at a suppression hearing prior to trial as demonstrated by the transcript of the suppression hearing (Exhibit 1 to Government's Response). There was a full description of the circumstances surrounding the seizure of the evidence that forms the basis for Gamble's conviction. Gamble was aware of that evidence, elected to proceed to a bench trial and was convicted. Gamble fails to set forth here what evidence was produced at the trial that was unknown to him prior to trial.

Gamble's trial attorney vigorously represented him at the suppression hearing and at trial and argued vigorously at the sentencing phase in an attempt to minimize the sentence Gamble faced as a repeat offender. As an armed career offender, Gamble faced a statutory minimum 15 year term and a potential life sentence.

## CONCLUSION

The petition of Willie J. Gamble (Dkt. #114) pursuant to 28 U.S.C. § 2255 to vacate the judgment of conviction is denied and the petition is dismissed. Gamble's Motion to Amend (#118) and Motion for Miscellaneous Relief (Dkt. 119) are denied as moot.

I decline to issue a certificate of appealability because Gamble has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 15, 2008.