UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

        v.

WILLIE J. GAMBLE,

                        Defendant.
_____

DECISION AND ORDER

00-CR-6149L
21-CV-6273L

      Defendant Willie J. Gamble was charged in a two-count indictment with firearms offenses. On September 18, 2001, following a bench trial, this Court found Gamble guilty on both counts. On June 30, 2003, the Court sentenced Gamble principally to a term of imprisonment of 216 months. (Dkt. #91.) The conviction and sentence were affirmed on appeal to the Court of Appeals for the Second Circuit. 388 F.3d 74 (2d Cir. 2004); 204 F.App'x 933 (2d Cir. 2006).

      Gamble has now filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. (Dkt. #132.) Although it is difficult to make sense of the basis for his motion, Gamble appears to assert claims that his due process and Eighth Amendment rights have been violated because he was convicted under a statute that "didn't apply to him." (Dkt. #132 at 4.)

      Regardless of the grounds for his motion, the motion must be dismissed because Gamble was not in custody at the time he filed the motion. As explained in the Government's response to

the motion (Dkt. #134), Gamble has fully served all his prison time, and his post-incarceration supervised release time, which expired on January 25, 2018.  (Dkt. #134.)

Section 2255 permits a person "in custody under a sentence of a [federal] court" to vacate, set aside or correct the sentence.  Once the person's sentence has been fully served, however, he is no longer in custody, and therefore cannot challenge the sentence or conviction. *See United States v. Brito*, 20 Cr. 63, 2022 WL 3025833 (S.D.N.Y. Aug. 1, 2022); *Rice v. United States*, No. 02-CR-723, 2020 WL 8669817 (S.D.N.Y. Nov. 16, 2020).  This Court therefore lacks jurisdiction to entertain Gamble's motion, and the motion must be dismissed.

## CONCLUSION

Defendant's motion to vacate, set aside or correct his sentence (Dkt. #132) is denied.  The Court declines to issue a certificate of appealability because defendant has failed to make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 5, 2022.